UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JEFFREY JENNINGS, | ) |
|     Plaintiff, | ) |
|     v. | )   Civil Action No. 11-1708 (RWR) |
| DAVID EXELROD, | ) |
|     Defendant. | ) |

### MEMORANDUM OPINION

Pro se plaintiff Jeffrey Jennings has filed a civil complaint against David Exelrod.[1] Plaintiff alleges that he "sent David a bill" that was "use[d] to save 68 billion for the federal government." (Compl. at 1.) Jennings seeks relief in the form of "100.5 million 500,000 for a house like it state[s] in my agreement." (Id. at 2.)[2] Jennings attached to his complaint eight exhibits, including a copy of defendant's business card and seven handwritten pages. One of the exhibits

---

[1] Based on the address that Jennings ascribes to Exelrod ("1600 Pennsylvania Ave, Washington, D.C. 20001" (Compl. at 1)), the defendant is presumably David Axelrod, a former senior advisor to President Barack Obama.

[2] Jennings filed his complaint on September 22, 2011 and has not filed proof that Exelrod has been served within the 120-day period allowed by Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(m). A summons was issued as to the defendant the same day Jennings filed his complaint. Summonses were reissued on March 15, 2012 as to Exelrod and the United States Attorney and United States Attorney General. Jennings, however, never moved for or was granted an extension of the Rule 4(m) deadline, and has provided no explanation for his failure timely to serve the defendant.

-2-

is entitled "agreement" and, as best as can be discerned, represents a proposal Jennings allegedly sent to Exelrod requesting Exelrod's feedback on Jennings' "bill." (See Compl., Ex. B ("You should not give 15 billion to the bank.  You should go with my bill to create jobs[.] . . . Write me back and tell me what you think of my proposal and a contract from the lawyer *telling me that you would pay me if you use my bill* [sic]") (emphasis in original).)

Courts hold complaints filed by pro se litigants to less stringent standards than those applied to pleadings drafted by lawyers.  See Redwood v. Council of the District of Columbia, 679 F.2d 931, 933 (D.C. Cir. 1982).  Nevertheless, pro se litigants must comply with the Federal Rules of Civil Procedure.  See Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987).  Federal Rule of Civil Procedure 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction . . .;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(a).  "This minimal standard serves to give fair notice to defendants of the claim or claims being asserted such that defendants are able to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies."  Poblete v. Goldberg, 680 F. Supp. 2d 18, 19 (D.D.C. 2009).  Jennings'

-3-

complaint does not include a short and plain statement of a claim showing plaintiff's entitlement to relief.  It is unclear what claims Jennings asserts and what factual allegations underlie those claims.  Because the complaint fails to comply with Rule 8(a), dismissal is warranted.[3]

Alternately, dismissal for failure to state a claim is appropriate under Rule 12(b)(6).  A district court may *sua sponte* dismiss a complaint for failure to state a claim where "it is patently obvious that [the plaintiff] could not have prevailed on the facts alleged in his complaint."  Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam); see also Jaeger v. United States, Civil Action No. 06-625 (JDB), 2006 WL 1518938, at *1 (D.D.C. May 26, 2006) ("Where, as here, the failure to state a claim is patent, 'it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources' for the Court to dismiss the action *sua sponte*.") (quoting Baker, 916 F.2d at 726).  Although the complaint and attached exhibits are incoherent in substantial part, the complaint arguably could be read to assert that Exelrod breached an agreement with Jennings to pay Jennings for Exelrod's

---

[3] The civil cover sheet that Jennings completed when he filed his complaint reflects that Jennings brings his case under 42 U.S.C. § 1983, the federal statute permitting suits to redress violations of constitutional rights committed by individuals acting under color of state law.  The complaint does not recite any grounds showing that Jennings is entitled to relief from Exelrod under § 1983.

-4-

"us[ing] [Jennings'] bill" (Compl., Ex. B).  The complaint, however, fails to allege facts that would "allow[] the court to draw the reasonable inference that the defendant is liable," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), for a breach of contract.  Jennings does not plead any factual content describing the existence of a valid contract between the parties, an obligation or duty arising out of the contract, a breach of that duty, and damages caused by breach.  See Tsintolas Realty Co. v. Mendez, 984 A.2d 181, 187 (D.C. 2009) (setting forth elements of breach of contract claim).  In particular, to the extent that Jennings asserts, without supporting factual allegations, the existence of a contract for use of his bill entitling him to "100.5 million 500,000 for a house like it state[s] in [the] agreement" (Compl. at 2), the complaint is not plausible on its face and could not survive a motion to dismiss.  Iqbal, 556 U.S. at 678.  Thus, dismissal is also warranted because Jennings' failure to state a claim is clear.  Accordingly, the complaint will be dismissed.  An appropriate order accompanies this memorandum opinion.

    SIGNED this 19th day of April, 2012.

                                              /s/
                                   RICHARD W. ROBERTS
                                   United States District Judge